```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

BRIAN MASSEY,                 :    CIVIL ACTION
                              :    NO. 07-3103
        Petitioner,           :
                              :
    v.                        :
                              :
                              :
MARILYN BROOKS et al.,        :
                              :
        Respondents.          :

### O R D E R

**AND NOW**, this **5th** day of **May, 2008,** upon consideration of the Report and Recommendation of United States Magistrate Judge Timothy R. Rice (doc. no. 10), it is hereby **ORDERED** as follows:

    1.   The Report and Recommendation is **APPROVED** and **ADOPTED**;[1]

---

[1] On July 15, 2004, Massey admitted to violating a protection-from-abuse order, pled guilty in Pennsylvania Commonwealth Court to indirect criminal contempt in violation of 23 Pa. Cons. Stat. § 6101, and was sentenced to six months probation. On July 19, 2005, the Commonwealth Court revoked Massey's probation after Massey admitted to making terroristic threats, and sentenced him to six months imprisonment to be served consecutively to a sentence that he was already serving. Massey then moved to modify the sentence, and the Court denied the motion in all respects except for making an adjustment, not relevant here, crediting one day to the sentence. Massey filed a timely appeal of the Court's order denying his motion to modify sentence, which the Pennsylvania Superior Court dismissed on July 21, 2006, due to court-appointed counsel's failure to file a brief. A petition for allocatur was denied by the Pennsylvania Supreme Court on May 1, 2007, and no petition for certiorari was filed.

On May 24, 2007, Massey filed a pro se petition for relief under the Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541 et seq. Lara Glen Hoffert, Esq. was appointed

as counsel, and she requested an extension of time in order to file an amended petition.  The amended petition was never filed, however, as Hoffert was granted leave to withdraw on December 7, 2007, and Michael Dautrich, Esq. was appointed as counsel.  As of the filing of the December 19, 2007 report and recommendation, the amended petition had not yet been filed.

A petitioner for habeas corpus relief is required by 28 U.S.C. § 2254 to exhaust all available state remedies.  Section 2254 provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."  § 2254(b)(1)(A).  Moreover, "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."  § 2254(c).

It is undisputed that Massey filed the instant petition for federal habeas corpus relief on July 30, 2007, while his PCRA petition was still pending.  It is also undisputed that certain of the claims raised in Massey's PCRA petition are identical to those raised in the instant petition; both petitions raise claims for ineffective assistance of counsel and unlawful inducement of guilty plea by counsel.  Moreover, the PCRA court has permitted Massey to amend his PCRA petition, and he thus may attempt to raise and exhaust the remaining claims the he seeks to raise in the federal habeas petition.

In short, Massey filed a petition for habeas corpus relief while his PCRA petition was still pending in state court, and thus has failed to exhaust available state remedies. Accordingly, as Magistrate Judge Rice found, Massey's petition must be dismissed without prejudice because all of his federal claims are unexhausted.

Massey cites many cases in his statement of objections to the Report and Recommendation, but the Court can discern only two objections relevant to the issue of exhaustion.

First, Massey argues that exhaustion should be excused because the PCRA court ordered that his pro se PCRA petition be amended, once counsel had been appointed, but did not supply a statement of nature of defects pursuant to Pa. R. Crim. P. 905(b).  However, Massey does not indicate why this technical shortcoming entitles him to a waiver of the exhaustion requirement.  In fact, the filing of an amended petition after

2

---

the appointment of counsel is commonplace.  <u>See</u> <u>Commonwealth v. Padden</u>, 783 A.2d 299, 308 (Pa. Super. Ct. 2001) ("Once counsel has been appointed for an indigent petitioner, the rules of criminal procedure further contemplate that after reviewing the certified record appointed counsel may, in the exercise of his or her professional judgment, elect to raise additional issues beyond those which the petitioner raised in the initial pro se filing.  Thus, Pennsylvania Rule of Criminal Procedure 905 expressly allows a trial court substantial latitude to permit the amendment of the petition at any time after the petition's initial filing.").

Second, Massey argues that exhaustion should be waived because he is ineligible for relief under the PCRA since, he alleges, he has already served the six-month sentence from which he seeks habeas relief as of July 31, 2007.  <u>See</u> 42 Pa. Cons. Stat. § 9543(a)(1)(i) (petitioner not eligible for PCRA relief if not "currently serving a sentence of imprisonment.").  Massey cites <u>Commonwealth v. Ahlborn</u>, 699 A.2d 718 (Pa. 1997) in support of this proposition.  In <u>Ahlborn</u>, however, the petitioner had been released from custody and was no longer serving any sentence of imprisonment.  <u>Id.</u> at 548.

This case is distinguishable from <u>Ahlborn</u> because Massey remains incarcerated.  Massey was convicted of making terroristic threats and harassment and is serving that sentence consecutively to his six-month violation of probation sentence. Massey has not pointed to any evidence indicating which of the sentences is being served first.  If the terroristic threats sentence is to be served first, then Massey remains eligible for PCRA relief, because he is "serving a sentence which must expire before the person may commence serving the disputed sentence." 42 Pa. Cons. Stat. § 9543(a)(1)(ii).  If the six-month violation of probation sentence was served first, the Court cannot say with certainty that Massey will be ineligible for PCRA relief, through a six-month credit towards his current term of imprisonment.  <u>Cf. Garlotte v. Fordice</u>, 515 U.S. 39, 41 (1995) (holding that "a prisoner serving consecutive sentences is 'in custody' under any one of them for purposes of the habeas statute," even if the "sentence imposed under the challenged conviction lies in the past rather than in the future").  Therefore, because relief under the PCRA is not clearly foreclosed, this objection must be overruled as well.  <u>Slutzker v. Johnson</u>, 393 F.3d 373, 380 (3d Cir. 2004) ("The mere existence of a state procedural rule that would appear to bar relief is not, however, sufficient to avoid the exhaustion requirement.  The policy behind the exhaustion requirement is to give state courts a full opportunity to address the petitioner's claims.  Given this, if there is any likelihood

3

      2.    Petitioner's objections to the Report and Recommendation are **OVERRULED**;

      3.    The Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, (doc. no. 1) is **DISMISSED without prejudice**;

      4.    There is no probable cause to issue a Certificate of Appealability.[2]

**AND IT IS SO ORDERED.**

                                 S/Eduardo C. Robreno
                                   **EDUARDO C. ROBRENO, J.**

---

that the state courts would consider the merits of a petitioner's unexhausted claim, the federal courts should dismiss his petition and allow him to seek relief in state courts. We reach the merits only if state law clearly foreclose[s] state court review of the unexhausted claims." (quotations omitted)).

    [2]    A prisoner seeking a certificate of appealability must demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Massey has not met this standard.